UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

CHARLES MURDOCK, individually
and on behalf of the members of the
American Maritime Officers Union,

                Plaintiff,

versus

AMERICAN MARITIME OFFICERS
UNION NATIONAL EXECUTIVE
BOARD and PAUL DOELL, in his
official capacity as National President
of the American Maritime Officers Union,

                Defendants.
_____/

## COMPLAINT

Plaintiff CHARLES MURDOCK, individually and on behalf of the members of American Maritime Officers, sues Defendants AMERICAN MARITIME OFFICERS NATIONAL EXECUTIVE BOARD and PAUL DOELL, in his official capacity as National President of the American Maritime Officers Union and states:

## STATEMENT OF THE CASE

1. Driven by their desire to consolidate power, motivated by rank personal animus, and unable to win a fair political contest against American Maritime Officers Union ("AMO") Secretary-Treasurer Charles Murdock, AMO President Doell and his loyalists on the AMO Officers National Executive Board have engaged in an unceasing, vitriolic, and retaliatory campaign to muzzle Mr. Murdock and force him from duly-elected union office. Defendants' efforts are corrosive to all that

union brotherhood stands for. Their attacks on Mr. Murdock violate the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.* and breach the AMO National Constitution.

2. The Doell faction has engaged in a power struggle which has intensified since its electoral strategy failed to unseat Mr. Murdock, the lone opposition candidate to prevail in the 2018 election. Mr. Murdock stands as a vocal opponent to Doell's administrative decisions and actions. In retaliation, Doell has embarked on a course of misconduct, including: having Mr. Murdock locked out of Mr. Murdock's own office; denying Mr. Murdock access to financial records; and effectively stripping Mr. Murdoock of the duties and responsibilities set forth in the AMO National Constitution, to take charge of AMO's correspondence, files, and records, its accounting and bookkeeping system, and the collection, safeguarding and expenditures of all AMO funds. Doell further consolidated his power by placing most of the authority he had impermissibly stripped from Mr. Murdock in the hands of Doell's own Executive Assistant. Doell's wrongful actions have crippled Mr. Murdock's ability to do the work he was elected to perform, constructively removing Mr. Murdock from his duly-elected position and depriving the union membership of meaningful administrative and financial oversight and review of AMO correspondence, files and records, financial records, and the collection, safeguarding, and expenditures of all AMO funds.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff CHARLES MURDOCK is the Secretary-Treasurer of the AMO. He was elected to a four-year term commencing January 2015 and re-elected for an additional four-year term in December 2018 by a vote of AMO members.

4. Defendant PAUL DOELL is the National President of the AMO, having been elected to a four-year term in commencing January 2015 and re-elected for an additional four-year term in December 2018 by a vote of AMO members.

5. The AMO is a labor union with a headquarters located at 601 S. Federal Highway, Dania

Beach Florida, 33004. The AMO is the largest union of U.S. merchant marine officers. AMO officers work aboard U.S.-flagged merchant and military sealift vessels, and AMO holds a unique presence in the international energy transportation trades. The AMO is a labor organization within the meaning of the Labor-Management Reporting and Disclosure Act.

6. The AMO is affiliated with Seafarers International Union of North America, AFL-CIO. District 2A Transportation Technical Warehouse Industrial and Service Employees Union is a local union of the AMO.

7. This Court has original jurisdiction of this matter of this civil action pursuant to 28 U.S.C. § 1331 because the action arises under the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 412 as well as Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. This action is not a collusive one to confer jurisdiction that the Court would otherwise lack.

8. Venue is proper in this Court pursuant to 29 U.S.C. § 412 because the events giving rise to the claim occurred in the Southern District of Florida and the AMO's principal office is located in this District.

## THE REQUIREMENTS OF THE AMO CONSTITUTION AND THE ENUMERATED POWERS OF THE SECRETARY-TREASURER

9. The AMO is governed by a National Constitution, the most recent version of which is posted on the AMO's website. The provisions of the AMO Constitution are incorporated herein by reference.

10. The AMO Constitution establishes a seven-member National Executive Board comprised of a National President, National Secretary-Treasurer, National Executive Vice President, National Vice President Deep Sea, National Vice President Great Lakes, National Vice President Inland Waters and National Vice President Government Relations. (AMO Constitution Art. VI, Section 4(a)).

11. The AMO Constitution also establishes a three-member National Executive Committee comprised of the National President, National Secretary-Treasurer and National Executive Vice President. (AMO Constitution Art. VI, Section 4(a)).

12. The AMO Constitution provides that National Officers, including the National President, are governed, in order, by (a) the AMO Constitution; (b) Majority vote of the membership; (c) National Executive Board; and (d) National Executive Committee. (AMO Constitution Art. VI, Section 1).

13. It is the duty of the National Executive Committee to establish and direct the policies, strategies, rules and business of the AMO which shall advance and protect the interests and welfare of the AMO. The actions of the National Executive Committee create binding AMO policy, provided the action is not inconsistent with the provisions of the AMO Constitution, unless modified or altered by a majority vote of the National Executive Board. (AMO Constitution Art. VI, Section 5(d)).

14. The National Executive Committee is also responsible for directing the administration of all AMO affairs, properties, polices and personnel except as specifically provided for in the AMO Constitution. (AMO Constitution Art. VI, Section 5(e)).

15. The AMO Constitution directs the National Secretary-Treasurer "to take charge of the correspondence, files and records of this Union, to take charge of its accounting and bookkeeping system, to take charge of the collection, safeguarding and expenditures of all Union funds … and to perform such other duties as may be determined by the National Executive Board." (AMO Constitution Art. VIII, Section 2). The AMO's correspondence, files, and records are administered through the Member Services Department. The accounting and bookkeeping functions, and the safeguarding and expenditure of funds, are administered through the Office of the AMO Controller.

### THE DOELL FACTION'S CAMPAIGN OF RETALIATION

16. During their terms of office beginning in 2015, Doell and Mr. Murdock had disagreed on

several significant issues, including collection of delinquent dues, the handling of the AMO Defined Benefit Pension Plan, the "raiding" of the Liberty Maritime vessel "Liberty Peace" which was rightfully under the jurisdiction of Marine Engineers Beneficial Union, a competitor union to American Maritime Officers, and important business development initiatives, especially the reflagging of 3 U.S. built Liquified Natural Gas ("LNG") tankers to the U.S. flag.

**Doell Strips Mr. Murdock of his Powers under the Union Constitution In an Unsuccessful Effort to Undermine Mr. Murdock's 2018 Re-Election Bid**

17.  Prior to the 2018 AMO election, Doell stripped Mr. Murdock of many of his constitutionally defined duties as Secretary-Treasurer, and assigned such responsibilities to the National President's Executive Assistant Marie Doruth and to employees within the AMO accounting department.

18.  Doell stripped Mr. Murdock of these duties to undermine Murdock's authority and (ultimately unsuccessfully) interfere with Mr. Murdock's re-election campaign in December 2018. Doell falsely asserted that he "'stripped' Mr. Murdock of his constitutionally defined duties as Secretary-Treasurer "because he was not doing his job," and because Mr. Murdock "had moved without authority to assume control over other important AMO business functions[.]" These were ruses and false justifications -- in fact, Doell was hoping Mr. Murdock would be voted out of office by the membership.

19.  Doell's stripping of Mr. Murdock's constitutionally defined duties and the reassignment of those duties to union employees working under Doell's supervision and direction was not authorized by the AMO Constitution, by a majority vote of the membership, by vote of the National Executive Board or by vote of the National Executive Committee.

20.  Doell's removal of Mr. Murdock's constitutionally designated authority and reassignment of those duties to union employees working under Doell's supervision continues to allow Doell in

effect to control the finances and assets of the Union without direct oversight.

### Doell Stonewalls Mr. Murdock's Motion to Reinstate Mr. Murdock's Powers under the Union Constitution until His Ally Takes Office, Then Holds Meeting to Reject Motion on Twenty Minutes Notice

21.  Following his re-election and before the start of his new term, Mr. Murdock submitted on December 20, 2018, a draft resolution and made a formal request to call a meeting of the National Executive Committee. Mr. Murdock's motion sought to reinstate his authority as the National Secretary-Treasurer, including his authority to approve expenses incurred by AMO employees and officials, to supervise the accounting and IT departments and to supervise AMO Member Services department.

22.  Doell, in direct violation of the AMO National Constitution, refused to call the meeting of the National Executive Committee that Mr. Murdock had requested so the motion could be heard. As National President, Doell was required by the AMO Constitution to hold such meetings twice each year. Doell had violated the AMO Constitution by not calling National Executive Committee Meetings in calendar year 2017, or in calendar year 2018.

23.  Doell persisted in his violation and rebuffed Mr. Murdock's request to hold a National Executive Committee meeting.

24.  In January 2019, promptly following the installation of Doell's political ally Mike Finnigan as Executive Vice President and National Executive Committee member, Doell called a meeting of the National Executive Committee.

25.  Doell gave Mr. Murdock twenty minutes notice to appear at the meeting on the motion which had been pending since December.

26. Doell and his newly-installed ally voted not to approve the motion, defeating it 2-1.

**Doell's Animus and Conspiracy Theories against Mr. Murdock during an Attempt to Invalidate Mr. Murdock's Election Victory**

27. In the 2018 election, the union membership voted to return Mr. Murdock to office over two challengers. One challenger was a member of Doell's faction of the AMO administration. The other was David Weathers.

28. Following Mr. Murdock's re-election, Weathers instituted union proceedings in an effort to overturn the election result. After a hearing on January 14, 2019, the union officer presiding over the complaint adjudicated and completely rejected the allegations against Mr. Murdock, finding them a generalization with no specific instances, witnesses, or verifiable inappropriate interference. The election which returned Mr. Murdock to office was sustained.

29. Doell proceeded to file three post-hearing memoranda, despite the fact that, in his own words, he "had no direct stake in the matter" and "did not participate in the hearing."

30. Doell used these three post-hearing memoranda for a proceeding in which he "had no direct stake" and "did not participate" as an effort to smear and malign Mr. Murdock. One of his memoranda reflected the reality that these memoranda had no proper purpose in relation to the proceeding. Doell conceded that the union officer who presided over the hearing "recommends that no new election be held for the office of Secretary-Treasurer. Given the absence of documentary evidence and witness testimony in support of the challenge filed by Brother Weathers, I understand completely how [the presiding officer] arrived at this recommendation – the simple if troubling truth is that [the presiding officer] had no choice in the course of due process."

31. Nonetheless, Doell proceeded to smear Mr. Murdock with unsourced conspiracy theories, including his paranoid rhetorical question, "How many of the 370 AMO members who voted for Brother Murdock were promised deals on dues delinquency preferential [sic] job treatment?"

**Doell Ratchets up Campaign of Retaliation against Mr. Murdock**

32. Following the failure of the attempt to invalidate the election results, and in retaliation for Mr. Murdock's speech and activity in support of his efforts to reclaim the constitutional authority of the National Secretary-Treasurer, Doell began a campaign of harassment and intimidation against Mr. Murdock. This campaign included:

(a) cutting Mr. Murdock's compensation by 25%;

(b) barring Mr. Murdock' access to AMO headquarters and use of remote access server;

(c) prohibiting the Controller and other AMO employees from sharing information with Mr. Murdock;

(d) instructing financial institutions to bar Mr. Murdock's access to information concerning AMO accounts;

(e) continuing the suspension of Mr. Murdock's access to the AMO email system which Doell had suspended on September 29, 2018;

(f) continuing the suspension of access to the primary AMO databases;

(g) threatening to relocate Mr. Murdock from Southern Florida to a distant port;

(h) initially barring Mr. Murdock from attending an audit by the United States Department of Labor to determine AMO's compliance with the provisions of the Labor-Management Reporting and Disclosure Act; and

(i) excluding Mr. Murdock from the development and migration of the database transition from TECH Plus to JayStar including important correspondence, files, records and financial components of the system.

33. The Doell faction's unrelenting campaign of harassment has even extended to a self-

styled "investigation" of a charity for which Mr. Murdock is a Board member but which is unrelated to the Union, the Propeller Club of Port Everglades Charitable Foundation, Inc. The Foundation provides scholarship funds to help students attend our country's merchant maritime academies and has supported the South Broward High School maritime magnet program.

34. The Doell faction's supposed 'concerns' are ever-shifting. First, the Doell faction complained that the Foundation was out of charitable status. Mr. Murdock re-instated tax deductible charitable status.

35. This did not satisfy the Doell faction, because questioning the Foundation's activities was no legitimate concern, but only part of the retaliation against Mr. Murdock. Doell has threatened to continue to waste AMO resources persecuting Mr. Murdock, most recently writing that he intends to "pursue this and multiple other matters to wherever they lead – no matter how far, how wide, how deep."

36. Despite the reinstatement of status, Doell loyalist and AMO National Vice President for Inland Waters Daniel Robichaux threatened Mr. Murdock on October 22, 2019, that AMO would discuss "notification of federal and local authorities and/or internal actions." Moreover, he wrote, "The fact that you reestablished legalities and documentations of Propeller Club and its charitable Foundation in mid-2019 does not effect or erase the previous undocumented years of operation."

37. It is unknown what justifications the Doell faction purports to base their 'concerns' on, or what "undocumented years of operation" means – the Foundation operated openly, giving out scholarships, including handing them out with the Mayor of the City of Dania Beach at AMO's STAR Center, an event reported on in industry media:

<mark>Case 0:19-cv-62687-XXXX Document 1 Entered on FLSD Docket 10/28/2019 Page 10 of 15</mark>



**Scholarships Presented to Mariners for Maritime Day**

From L-R: Dania Beach Mayor Marco Salvino, Sr., Charles Murdock, President of Port Everglades Propeller Club Maine Maritime Graduate and M/V Isla Bella Captain Andy Mayher Pastor Mario Cinelli of the Lighthouse Community Church New York Maritime Graduate

*Scholarships Presented to Mariners for Maritime Day*, THE MARITIME EXECUTIVE, *available at* https://maritime-executive.com/corporate/scholarships-presented-to-mariners-for-maritime-day (last accessed Oct. 26, 2019).

38. Doell's actions as described in paragraphs 32-35 were not authorized by the AMO Constitution, the membership, the Executive Board or the Executive Committee.

39. As a result of Doell's actions described above, Mr. Murdock has suffered and will continue to suffer damages, including loss of income, prestige and opportunity.

40. Doell's actions described above interfere with Mr. Murdock's right to meet and assemble with other members and to express his views and opinions regarding AMO business.

41. As a result of Doell's actions described above, AMO membership has suffered and will continue to suffer damages, including the deprivation of an independent, lawfully elected Secretary-Treasurer to provide a meaningful set of checks and balances regarding AMO correspondence, files, records, finances and other operations as envisioned in the AMO National Constitution.

## COUNT I: 29 U.S.C. § 411(a)(2)

42. The allegations in paragraphs 1-41 are incorporated herein.

43. Section 101(a)(2) of the LMRDA, 29 U.S.C. § 411(a)(2) protects the right of union

<mark>10</mark>

members and officers to speak out and take positions, including those critical of other members and officers. This section prohibits any infringement of that free speech.

44. The actions taken by Doell against Mr. Murdock were taken and continue to be taken in order to retaliate against him for asserting positions on behalf of the AMO contrary to those taken by Doell, and to punish Mr. Murdock for attempting to assert his constitutional authority and for speaking out in opposition to the unlawful actions of Doell in stripping away that authority and depriving union members of a vital position and critical oversight.

45. At all times, Mr. Murdock's activities have been motivated by a desire to preserve the integrity of the AMO's Constitution, its structures, its elected bodies and to protect the sanctity of votes by its members.

46. The retaliation orchestrated by Doell and his allies, and the Executive Committee's illegal rejection of Mr. Murdock's motion, infringe Mr. Murdock's free speech and threaten also to chill him from speaking at all by constructively removing him from his elected office. Furthermore, the retaliation against Mr. Murdock is likely to chill the exercise of free speech by the AMO members who voted for Mr. Murdock as National Secretary-Treasurer.

47. Defendants have violated and are violating Section 101(a)(2) of the LMRDA, and Plaintiff is damaged and continues to be damaged as a result.

## COUNT II:   29 U.S.C. § 411(a)(1)

48. The allegations in paragraphs 1-41 are incorporated herein.

49. Section 101(a)(1) of the LMRDA, 29 U.S.C. § 411(a)(1) protects the right of union members to nominate and support candidates for election to union office.

50. By stripping Mr. Murdock of his duties under the AMO Constitution, cutting his compensation, barring his access to information, and now physically barring him from AMO

headquarters, Doell has constructively removed Mr. Murdock from his position as National Secretary-Treasurer.

51. Doell constructively discharged Mr. Murdock to suppress dissent within the AMO.

52. The constructive discharge of Mr. Murdock deprives him, and other AMO members, of the right to nominate and support candidates for election to union office because it nullifies the results of a properly conducted election.

### COUNT III:   Breach of Contract

53. The allegations in paragraphs 1-41 are incorporated herein.

54. The AMO Constitution is a contract between local unions and the AMO.

55. Mr. Murdock is a third-party beneficiary of the contractual rights of the AMO Constitution.

56. The AMO Constitution expressly provides that it is the National Secretary-Treasurer who is "to take charge of the correspondence, files and records of this Union, to take charge of its accounting and bookkeeping system, to take charge of the collection, safeguarding and expenditures of all Union funds … and to perform such other duties as may be determined by the National Executive Board." (AMO Constitution Art. VIII, Section 2).

57. Doell stripped Mr. Murdock of his constitutionally defined duties as Secretary-Treasurer.

58. Doell's actions in stripping Mr. Murdock of his constitutionally defined duties as Secretary-Treasurer were not authorized by the AMO Constitution or a vote of the AMO membership and, therefore, are in breach of contract.

59. Mr. Murdock has suffered damage due to such breach, including but not limited to, a loss of income, prestige and opportunity.

60. As a result of Doell's breach, the AMO membership has suffered and will continue to suffer damages, including the deprivation of an independent, lawfully elected Secretary-Treasurer to provide meaningful checks and balances regarding the correspondence, files, records, finances and other operations as envisioned in the AMO National Constitution.

61. Mr. Murdock is excused from any further exhausting of the internal remedies provided by the AMO Constitution because his internal appeal would be to the National Executive Board which is comprised of Mr. Murdock, Doell and five other Vice Presidents. Doell and the Executive Vice President have already rejected Mr. Murdock's action by denying his motion to reinstate his authority and the remaining four members are under Doell's influence and control as demonstrated in the National Executive Board's February 12, 2019, ratification of the National Executive Committee's rejection of Mr. Murdock's to re-instate his authority. Further, Mr. Murdock did exhaust his internal appeals when his September 1, 2019, appeal was rejected by EVP Mike Finnigan's September 6, 2019, letter. In that letter, Finnigan, writing for AMO, stated, "Since your Appeal does not concern a contractual grievance, it cannot be presented on Monday as an appeal to the membership under Article XXVI."

WHEREFORE, Plaintiff Charles Murdock respectfully requests that this Court:

A. Issue a temporary restraining order, preliminary and/or permanent injunctive relief ordering reinstatement of Plaintiff's authority as National Secretary-Treasurer and authorizing his access to AMO premises, and his supervision of correspondence, files, records, and AMO's accounting and bookkeeping systems, and allowing him to take charge of the collection, safeguarding, and expenditures of all AMO funds and information systems;

B. Issue appropriate injunctive relief to prevent the Defendants, and each of them, from further acting to infringe the Plaintiff's rights to free speech and other rights guaranteed to him by

the LMRDA;

C. Enter an order requiring the Defendants to compensate the Plaintiff by an award of compensatory damages;

D. Enter an order requiring the payment of punitive damages from Doell for acting with malice, recklessness and/or wanton indifference to the Plaintiff's LMRDA rights;

E. Enter an order reimbursing Plaintiff for attorneys' fees and costs; and

F. Require any and all other such relief that the Court deems just and appropriate under the circumstances.

## JURY TRIAL DEMAND

Plaintiff Charles Murdock demands a trial by jury.

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Charles Murdock, declare under penalty of perjury that the foregoing is true and correct.

Executed on October 28, 2019.

*/s/ Charles Murdock*

Charles Murdock

**[Remainder of Page Intentionally Left Blank]**

Dated: October 28, 2019

Respectfully Submitted,

| KAYSER & REDFERN, LLP<br>By: /s/ Leo Kayser III<br>  Leo Kayser, III<br>A Member of the Firm<br>515 Madison Avenue<br>New York, NY 10022<br>Telephone: (212) 935-5057<br>LKayser@515law.com<br><br>*Pro Hac Vice Motion to be Filed Contemporaneously* | /s/Andrew P. Marks<br>DORF & NELSON LLP<br>555 Theodore Fremd Avenue<br>Rye, New York  10580<br>Telephone:  (914) 381-7600<br>AMarks@Dorflaw.com<br><br>*Pro Hac Vice Motion to be Filed Contemporaneously* | /s/ Paul A. Calli<br>Paul A. Calli<br>Florida Bar No. 994121<br>Chas Short<br>Florida Bar No. 70633<br>CALLI LAW, LLC<br>14 NE 1st Ave, Suite 1100<br>Miami, FL 33132<br>Telephone: (786) 504-0911<br>Facsimile (786) 504-0912<br>PCalli@Calli-Law.com<br>CShort@Calli-Law.com<br><br>*Local Counsel* |
|---|---|---|

*Counsel for Plaintiff Charles Murdock*