United States District Court
for the
Southern District of Florida

| Charles Murdock, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 19-62687-Civ-Scola |
| American Maritime Officers Union National Executive Board and Paul Doell, Defendants. | ) ) ) | |

**Order Staying the Case**

Now before the Court is the Defendants American Maritime Officers Union National Executive Board (the "Executive Board") and Paul Doell's motion to dismiss, or in the alternative to stay the case. For the reasons set forth below, the Court **grants** the alternative relief sought in the Defendants' motion (**ECF No. 23**). The Court **stays** this case pending the exhaustion of internal union proceedings, not to exceed four months.

### 1. Background[1]

The Plaintiff Charles Murdock is the Secretary-Treasurer of the American Maritime Officers Union ("AMO"). (Compl., ECF No. 13 at ¶ 3.) The Defendant Paul Doell is the National President of the AMO. (*Id.* at ¶ 4.) Doell and Murdock have disagreed on a number of significant issues. (*Id.* at ¶ 16.) Doell stripped Murdock of many of his constitutionally-defined duties as Secretary-Treasurer in violation of the AMO's constitution. (*Id.* at ¶ 17.) Many of Murdock's stripped responsibilities were re-assigned to the National President's Executive Assistant Marie Doruth and to employees within the AMO accounting department. (*Id.*) Doell's removal of Murdock's constitutionally designated authority and his reassignment of those duties to union employees working under his supervision allows Doell to control the finances and assets of the Union without oversight. (*Id.* at ¶ 20.) Later, when Murdock submitted a formal request to reinstate his authority as Secretary-Treasurer, Doell stonewalled the motion by delaying the national meeting and limiting the time Murdock had to present his motion to 20 minutes. (*Id.* at ¶¶ 24-28.) Murdock's motion to reclaim the constitutional authority of his position failed.

---

[1] The Court accepts as true the facts pled in the Complaint. *Cf. Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

After Murdock's successful re-election bid, two challengers (one was from Doell's faction of the AMO) instituted union proceedings against him to overturn the election results. (*Id.* at ¶ 29.) The challenge was unsuccessful, despite Doell intervening on behalf of the challengers. (*Id.* at ¶¶ 29-32.) The "union officer presiding over the complaint adjudicated and completely rejected the allegations against" Murdock. (*Id.* at ¶ 30.) Following his failure to invalidate the election results, Doell began a campaign of harassment against Murdock that entailed the following:

> (a) cutting Mr. Murdock's compensation by 25%;
>
> (b) barring Mr. Murdock's access to AMO headquarters and use of AMO's remote access server;
>
> (c) prohibiting the Controller and other AMO employees from sharing information with Mr. Murdock;
>
> (d) continued instructions to financial institutions to bar Mr. Murdock's access to information concerning AMO accounts;
>
> (e) continuing the suspension of Mr. Murdock's access to the AMO email system which Doell had suspended on September 29, 2018;
>
> (f) continuing the suspension of access to the primary AMO databases;
>
> (g) threatening to relocate Mr. Murdock from southern Florida to a distant port;
>
> (h) initially barring Mr. Murdock from attending an audit by the United States Department of Labor to determine AMO's compliance with provisions of the Labor-Management Reporting and Disclosure Act; and
>
> (i) excluding Mr. Murdock from the development and migration of the database transition from TECH Plus to JayStar including important correspondence, files, records and financial components of the system.

(*Id.* at ¶ 34(a)-(i)). Murdock finally alleges that, as retaliation for filing this lawsuit, the Defendants initiated internal disciplinary proceedings against Murdock, which falsely alleged that Murdock "assaulted, battered and injured" Doell's assistant Marie Doruth. (*Id.* at ¶ 50.)

### 2. Analysis

Murdock filed suit against the Defendants for violations of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 411, for violations of his guarantee to equal rights under 29 U.S.C. § 411(a)(1) and for violations of his guarantee to freedom of speech and assembly under § 411(a)(2).

Murdock also sued the Defendants for breach of contract and for retaliation under 29 U.S.C. § 411(a)(4). The Defendants argue that Murdock's claims must be dismissed because he failed to exhaust internal union remedies. Namely, under the union's constitution, two remedies are available to Murdock: (1) Any member may file charges before a member-elected Trial Committee of "all violations of this Constitution, laws, rules, regulations or Shipping Rules of this Union." (2) A national executive officer, such as Murdock, may bring charges against any national officer for their conduct in office including for "malfeasance, misfeasance, nonfeasance, corruption, favoritism . . . oppression in office . . . or failure to conform to the AMO National Constitution or to a National Executive Board Policy." AMO Constitution Articles XIII and XXIII.[2] Under the first, Murdock could file charges claiming that the stripping of his duties violated the AMO constitution, and, under the second, he could file suit for any grievances of malfeasance or favoritism against Doell.

The LMRDA provides that a labor organization member "may be required to exhaust reasonable hearing procedures" within the organization prior to instituting legal proceedings, except that the period of time consumed by the exhaustion procedures shall not exceed four months. 29 U.S.C. § 411(a)(4). "The decision to enforce [the exhaustion] requirement in a particular case is within the sound discretion of the district court." *Chapa v. Local 18*, 737 F.2d 929, 931 (11th Cir. 1984) (citing *N.L.R.B. v. Shipbuilding Local 22,* 391 U.S. 418 (1968) ("We conclude that 'may be required' is not a grant of authority to unions more firmly to police their members but a statement of policy that the public tribunals whose aid is invoked may in their discretion stay their hands for four months, while the aggrieved person seeks relief within the union."). In other words, this Court may require Murdock to exhaust the internal union remedies if, in its discretion, it determines that exhaustion of those remedies is appropriate.

Murdock argues that exhaustion would be futile. He states that the "kangaroo Trial Committee" will deny Murdock's charges and that the decision will be "rubber-stamped by the handful of members who happen to attend who undoubtedly would be intimidated from openly opposing Doell." (ECF No. 30 at 14.) These allegations are insufficient to convince the Court that the internal union remedies available to Murdock would be futile. *See Springer v. Wal-Mart Associates' Group Health Plan*, 908 F.2d 897, 901 (11th Cir. 1990) (bare allegations of futility are not sufficient to excuse exhaustion). Indeed, Murdock's allegations that he successfully won the January 2019 election challenge—

---

[2] Murdock incorporated the AMO constitution by reference in his Amended Complaint. (ECF No. 13 at ¶ 11). The AMO constitution can be found at http://www.amo-union.org/PDFs/Constitution.pdf.

despite Doell, the AMO president, intervening against him—cut against his assertion that exhausting the internal union procedures is futile. (ECF No. 13 at ¶ 30.) Moreover, the Supreme Court has adopted a general policy not to unduly harass legitimate unionism, nor to unnecessarily interfere with the union's interest in internal governance. *See United Steelworkers of Am. v. Sadlowski*, 457 U.S. 102, 109 (1959) (the union's right to adopt its own reasonable rules was designed "to assure that the amendment would not unduly harass and obstruct legitimate unionism"); *Wirtz v. Local 153, Glass Bottle Blowers Ass'n*, 389 U.S. 463, 471 (1968) ("The legislative history shows that Congress weighed how best to legislate against revealed abuses in union elections without departing needlessly from its long-standing policy against unnecessary governmental intrusion into internal union affairs"). Therefore, the Court finds that a stay pending exhaustion of internal union proceedings is appropriate in this case because this dispute could be resolved internally without the need for judicial intervention.

### 3. Conclusion

Therefore, the Court **stays** this case, pending Murdock's exhaustion of internal union proceedings, not to exceed four months. If, after the proceedings have concluded or after the proceedings have persisted for four months, the matter is not resolved, the Plaintiff may move to reopen this case. If, after the proceedings have concluded, this matter is resolved, the parties must file a joint status report with the Court explaining the results of the union proceedings.

The Court directs the **Clerk** to **administratively close** this case. All pending motions are **denied as moot**, without prejudice and with leave to refile if the case is reopened.

**Done and ordered** at Miami, Florida, on April 14, 2020.

_____
Robert N. Scola, Jr.
United States District Judge